Memorandum Decision
ORME, Judge:
T1 LRC. was adjudicated delinquent in juvenile court for failure to stop at police command, a class A misdemeanor if commit *139 ted by an adult, see Utah Code Ann. § 76-8-805.5 (LexisNexis 2012); possession of, drug paraphernalia, a class B misdemeanor if committed by an adult, see id. § 58-87a-5(1)(a)-(b); and possession or use of marijuana, also a class B misdemeanor if committed by an adult, see id. § 58-87-8(@)(@)G), (d) (Supp. 2015). On appeal, LRC. argues that the juvenile court committed plain error by admitting hearsay testimony, L.R.C.'s challenge to the admissibility of evidence is legally indistinguishable from the same issue that was presented in the appeal taken by his brother, with whom he was adjudicated below. See In re J.C., 2016. UT App 10, 1 8, 366 P.3d 867. For the reasons stated in In re J.C., we affirm the Juvemle court's adjudication of LR.CJ - _. . [1]

. Unlike in In re J.C., 2016 UT App 10, 366 P.3d 867, where the appellant also challenged the adequacy of the evidence supporting his adjudication, see id. TN 13, 28-29, LR.C. does not challenge the adequacy of the evidence supporting the adjudication as to him.. And the observation made by Judge Voros in In re J.C. applies with equal force in the instant case. See id, 132 (Voros, J., concurring).